UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JULIO A. PEREZ,

    Petitioner,

v.                             Case No. 3:24cv178-TKW-HTC

RICKY DIXON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the Respondent Secretary of the Florida Department of Corrections' ("FDOC's") motion to dismiss Petitioner Julio Perez's petition for federal habeas relief under 28 U.S.C. § 2241. Doc. 30. Perez was given an opportunity to file a response to the motion if he opposed it and was further advised that the Court could grant the motion by default for failure to respond. Doc. 31. Perez, however, did not file a response in opposition and the time for him to do so has passed. Thus, this matter is ripe for disposition and upon careful consideration of the motion, the record, and the relevant law, the undersigned finds the motion to dismiss should be GRANTED because the petition is untimely.

**I.     BACKGROUND**

Julio Perez, an inmate of the FDOC proceeding *pro se*, has filed a federal habeas petition, arguing the FDOC is improperly running his 3-year sentence in Orange County Case 2008-CF-14933-B consecutive to, rather than concurrently with, his 18-year sentence in 2009-CF-2059 and that the FDOC is improperly denying him 167 days of earned gain time.  Doc. 1.

On March 24, 2009, Perez was sentenced in criminal case 2008-CF-14933-B for one count of burglary of a structure and one count of criminal mischief.  Doc. 30-4 at 9.  He received a split sentence of three (3) years of imprisonment plus five (5) years of probation on each count, to run concurrently with each other.  *Id.* at 11-12.

Subsequently, on June 2, 2009, Perez was sentenced in criminal case 2009-CF-2059 for armed burglary of a dwelling with a firearm, possession of a firearm by a felon, and aggravated assault with a firearm.  Doc. 30-3 at 97.  On the armed burglary count, the court sentenced Perez to 18 years of imprisonment (with a ten-year mandatory day-for-day sentence as a prison releasee reoffender) and 7 years of probation.  *Id.* at 100.  On the remaining counts, the court sentenced Perez to five (5) years of imprisonment, to run concurrently.  *Id.* at 101-02.

On August 28, 2020, Perez filed a Motion for Postconviction Relief in 2008-CF-14933-B,[1] which resulted in the circuit court entering a "*nunc pro tunc* March 24, 2009" judgment on January 11, 2021, resentencing Perez to three (3) years of incarceration on count 1 and to five (5) years of probation on count 3, to run consecutively to count 1. Doc. 30-4 at 16. In the January 11, 2021, *nunc pro tunc* resentencing judgment, the circuit court further stated that "the sentence imposed for this count shall run concurrent with any active sentence currently being served."[2] *Id.* at 17.

On March 19, 2021, Perez filed a motion to correct judgment, asking the court "to issue an order that his new sentence is to run concurrent with Mr. Perez's active sentence. Mr. Perez active sentence is Case No. 09-cv-2059."[3] On April 14, 2021, the court entered an order correcting the judgment to clarify that counts 1 and 3 (not just count 3) are to run concurrently to "any active sentence currently being served as of March 24, 2009."[4] The circuit court did not enter the correction Perez

---

[1] Although the Secretary references the August 28, 2020, motion in the response, the Secretary does not include a copy of the motion as an exhibit. A copy of that motion, however, can be found on the state court's electronic docket, https://myeclerk.myorangeclerk.com/cases/search.

[2] Although not specifically stated in the resentencing judgment, at the January 11, 2021, hearing on the motion, the court stated that he will order Perez's sentence to be "concurrent with any sentence he was serving nunc pro tunc to 2000 – March 24, 2009." Doc. 30-4 at 34.

[3] Once again, while referencing the March 19, 2021 motion (referenced by its docketing date of March 22, 2021) in the response, the Secretary does not include a copy of the motion as an exhibit. The motion can be accessed via the state court's electronic docket, *see supra*, fn. 2.

[4] A copy of the court's order can be found on the state court's electronic docket, *see supra*, fn. 2.

Case No. 3:24cv178-TKW-HTC

requested, which was to define "active sentence" as the sentence in Case No. 09-CF-2059.

On March 3, 2023, Perez filed the instant petition under 28 U.S.C. § 2254 in the Middle District.  Doc. 1.  The petition contains a single ground titled "Double Jeopardy" in which Perez argues the 18-year and 3-year sentences should run concurrently and that the FDOC is violating the Double Jeopardy clause by making him serve the 167 days of gain time again.  After the Secretary moved to dismiss the petition, the Middle District found that the petition challenged the execution of the sentence rather than the underlying conviction, recharacterized the petition as one under 28 U.S.C. § 2241, and transferred the action to this Court.  Doc. 16.

The Secretary has moved to dismiss the petition, arguing that both claims are untimely and unexhausted.  Doc. 30.  As explained below, the undersigned agrees that the petition is untimely.  Therefore, the Court need not also determine whether the claims have been exhausted.

## II.   ANALYSIS

Pursuant to 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act Of 1996 ("AEDPA"), a state prisoner's habeas petition must be

Case No. 3:24cv178-TKW-HTC

filed within one year of certain trigger dates.[5] 28 U.S.C. § 2244(d)(1); *see, e.g.*, *Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004). For purposes of this petition, the applicable trigger date is "the date on which the factual predicate for the claim could have been discovered with due diligence." *Id.* § 2244(d)(1)(D).

Here, even giving Perez the benefit of the doubt, the petition is untimely. Perez's claim that the sentences in 2008-CF-14933-B and 2009-CF-2059 should run concurrently was not filed within a year of the date when Perez discovered or should have discovered the factual predicate for that claim. As discussed above, Perez was aware the sentences in his two criminal cases were running consecutively on March 19, 2021, when he asked the court to correct the judgment. Also, he was aware by April 14, 2021, that the court disagreed with his position that the phrase "active sentence" in the resentencing judgment referred to the later sentence in 2009-CF-2059, rather than any sentence already being served on March 24, 2009, when the sentence in 2008-CF-14933 was imposed.

---

[5] The limitation period runs from the latest of:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Indeed, rather than appealing the April 14, 2021, order, on June 13, 2021, Perez filed an appeal directly with the Secretary asking the Secretary to run his sentences in 2008-CF-14933-B and 2009-CF-2059 concurrently. Doc. 30-5 at 3. The Secretary denied the grievance on July 21, 2021, and as a matter of courtesy notified the court of Perez's request should the court decide to issue a subsequent clarifying order. *Id.* at 2. Thus, at the latest, Perez was aware that the circuit court and the FDOC were running the sentences consecutively when the FDOC Secretary denied his grievance involving that issue on July 16, 2021. Doc. 30-5 at 2.

Perez had one year thereafter, or until July 16, 2022, to file his federal habeas petition. *See, e.g.*, *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis). As stated above, Perez did not file the instant petition until almost 2 years later.

Similarly, Perez became aware of the factual predicate for his lost gain time claim more than one year before he filed the federal petition. In the petition, Perez admits that in August of 2020, he submitted a postconviction motion to the circuit court, requesting the Court to review "how DOC has taken (167) days of earned gain-time from his 3-year sentence that Mr. Perez has already served." Doc. 1 at 6-7. Thus, by his own admission, Perez was aware of the factual predicate for the

Case No. 3:24cv178-TKW-HTC

gain-time claim by August 2020. *See Robinson v. Sec'y, Fla. Dep't of Corr.*, 2018 WL 3854024, at *3 (11th Cir. Mar. 29, 2018) (Robinson's one-year limitations period began in 1996 when he should have discovered that "the DOC incorrectly calculated his sentence and gain time"; thus, "an administrative grievance in 2012 challenging his pre-1996 gain time calculation . . . was well after the limitations period expired."). Perez, however, did not file the instant federal petition until more than three (3) years later.

Regardless of the trigger date, the one-year period is tolled during the pendency of a "properly filed" application post-conviction relief. 28 U.S.C. § 2244(d)(2). Here, a review of the state court docket shows that Perez did not file any other motions or appeals in either 2008-CF-14933-B or 2009-CF-2059 until he filed a motion for clarification in 2008-CF-14933-B on July 8, 2024. That motion, however, cannot toll the limitations period because the limitations period expired more than a year earlier. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where a state court application for post-conviction relief is filed after the one-year statute of limitations has expired, it does not toll the statute because no time remains to be tolled).

Case No. 3:24cv178-TKW-HTC

Because Perez did not file the instant federal petition within one year of the date on which Perez discovered or should have discovered the factual predicates for his claims, the petition is untimely.

## III. CONCLUSION

Perez is not entitled to federal review of his claims, and the petition is due to be dismissed. The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, because Perez's petition is time-barred, an evidentiary hearing is not warranted.

A certificate of appealability should also be denied.[6] Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

---

[6] "Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal." *Sawyer v. Holder*, 326 F.3d 1363, 1364 (11th Cir. 2003).

28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition be DISMISSED WITH PREJUDICE as untimely.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this the 10th day of December, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.